IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ORBIT LICENSING LLC,<br><br>                    Plaintiff,<br><br>    v.<br><br>CODEPEN, INC.,<br><br>                    Defendant. | Case No. 21-943-LPS<br><br>**JURY TRIAL DEMANDED** |

### CODEPEN, INC.'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT

Defendant CodePen, Inc. ("CodePen" or "Defendant") files this Answer, Affirmative Defenses, and Counterclaims to Plaintiff Orbit Licensing LLC's ("Plaintiff" or "Orbit") Complaint for Patent Infringement ("Complaint"). CodePen denies the allegations and characterizations in Plaintiff's Complaint unless expressly admitted in the following paragraphs.[1]

### PARTIES

1. CodePen is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 of the Complaint and, on that basis, denies all such allegations.

2. CodePen admits that it is a Delaware corporation, and that it has a place of business at 919 NW Bond St, Suite 203, Bend OR 97702 USA.

### JURISDICTION

3. CodePen admits that the Complaint purports to set forth an action for infringement under the Patent Laws of the United States, 35 U.S.C. § 1, *et seq.*

4. CodePen admits that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

---

[1] For avoidance of doubt, CodePen denies liability for all allegations of patent infringement included or implied in the introductory paragraph or in any headings of the Complaint.

5.  CodePen does not contest that the Court has personal jurisdiction over it in this case. CodePen admits that it conducts business in the State of Delaware. CodePen denies it has committed or is committing acts of infringement within this district or elsewhere and, on that basis, denies the remaining allegations of Paragraph 5 of the Complaint.

## VENUE

6.  CodePen does not contest that venue is proper in this case, but denies that venue is convenient. CodePen denies it has committed or is committing acts of infringement within this district or elsewhere and, on that basis, denies the remaining allegations of Paragraph 6 of the Complaint.

## PATENTS-IN-SUIT

7.  CodePen is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 of the Complaint.

## THE '195 PATENT

8.  CodePen admits that a purported copy of U.S. Patent No. 8,839,195 (the "'195 Patent") is attached to the Complaint as Exhibit 1 and that the face of that patent indicates that it is entitled "Method, System, and Terminal for Locating," and that the face of the patent indicates that it is issued on September 16, 2014.

9.  CodePen denies the '195 patent is valid and enforceable.

10. CodePen is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 10 of the Complaint and, on that basis, denies all such allegations.

## THE '040 PATENT

11. CodePen admits that a purported copy of U.S. Patent No. 9,578,040 (the "'040 Patent") is attached to the Complaint as Exhibit 2, that the face of that patent indicates that it is entitled "Packet receiving method, deep packet inspection device and system," and that the face of the patent indicates that it is issued on February 21, 2017.

12. CodePen denies the '040 patent is valid and enforceable.

13. CodePen is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 13 of the Complaint and, on that basis, denies all such allegations.

### COUNT I: [ALLEGED] INFRINGEMENT OF THE '195 PATENT

14. CodePen incorporates the above paragraphs herein by reference.

15. CodePen denies the allegations in Paragraph 15 of the Complaint.

16. CodePen denies the allegations in Paragraph 16 of the Complaint.

17. CodePen denies the allegations in Paragraph 17 of the Complaint.

18. CodePen denies the allegations in Paragraph 18 of the Complaint.

19. CodePen denies it has committed or is committing acts of infringement as alleged in Paragraph 19 of the Complaint and, on that basis, denies the allegations in Paragraph 19 of the Complaint.

### COUNT II: [ALLEGED] INFRINGEMENT OF THE '040 PATENT

20. CodePen incorporates the above paragraphs herein by reference.

21. CodePen denies the allegations in Paragraph 21 of the Complaint.

22. CodePen denies the allegations in Paragraph 22 of the Complaint.

23. CodePen denies the allegations in Paragraph 23 of the Complaint.

24. CodePen denies the allegations in Paragraph 24 of the Complaint.

25. CodePen denies it has committed or is committing acts of infringement as alleged in Paragraph 25 of the Complaint and, on that basis, denies the allegations in Paragraph 25 of the Complaint.

### [PLAINTIFF'S] PRAYER FOR RELIEF

CodePen denies the Plaintiff is entitled to any relief from CodePen and denies all the allegations contained in Paragraphs (a)-(e) (including any subparts) of Plaintiff's Prayer for Relief.

## AFFIRMATIVE DEFENSES

CodePen's Affirmative Defenses are listed below. CodePen reserves the right to amend its answer to add additional Affirmative Defenses consistent with the facts discovered in this case.

### FIRST AFFIRMATIVE DEFENSE

CodePen has not infringed and does not infringe, under any theory of infringement (including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement)), any valid, enforceable claim of U.S. Patent Nos. 8,839,195 and 9,578,040 (the "Asserted Patents").

### SECOND AFFIRMATIVE DEFENSE

Each asserted claim of the Asserted Patents is invalid for failure to comply with one or more of the requirements of the United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

### THIRD AFFIRMATIVE DEFENSE

To the extent that Plaintiff and any predecessors in interest to the Asserted Patents failed to properly mark any of their relevant products or materials as required by 35 U.S.C. § 287, or otherwise give proper notice that CodePen's actions allegedly infringe the Asserted Patents, CodePen is not liable to Plaintiff for the acts alleged to have been performed before CodePen received actual notice that it was allegedly infringing the Asserted Patents.

### FOURTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff asserts that CodePen indirectly infringes, either by contributory infringement or inducement of infringement, CodePen is not liable to Plaintiff for the acts alleged to have been performed before CodePen knew that its actions would cause indirect infringement.

### FIFTH AFFIRMATIVE DEFENSE

The claims of the Asserted Patents are not entitled to a scope sufficient to encompass any system employed or process practiced by CodePen.

## SIXTH AFFIRMATIVE DEFENSE

To the extent Plaintiff contends that it alleges a claim for indirect infringement (whether by inducement or contributorily), Plaintiff has failed to state a claim upon which relief can be granted.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted because the Asserted Patents does not claim patent eligible subject matter under 35 U.S.C. § 101.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted because, among other things, Plaintiff has not stated a plausible allegation that any system employed or process practiced by CodePen practices a method comprising: "querying a server about available object in a current script usage scenario, as well as attribute and method of the available object"; "generating a script editing interface according to the queried available object in the current script usage scenario and the attribute and method of the available object, and displaying a script content input by an inputting device in the script editing interface"; "acquiring confirmation identifier of the edited script content, and checking whether or not the script content before the confirmation identifier is an indication object capable of automatically indicating; if so, acquiring, from the attribute and method of the available object, an attribute and method related to the indication object, and displaying the acquired attribute and method related to the indication object on a prompt box formed in the script editing interface for selection"; and "adding the attribute and method of the indication object selected from the prompt box after the indication object"; as required by Claim 1 of the '195 Patent.

Additionally, Plaintiff has not stated a plausible allegation that any system employed or process practiced by CodePen practices a packet receiving method comprising: "receiving a service request packet sent by a terminal device, wherein the service request packet carries a terminal domain name indicating the terminal device and a server domain name indicating a

service server required by the service request packet sent by the terminal device"; "resolving the received server domain name to obtain a service server Internet protocol (IP) address"; and "discarding the service request packet if the resolved service server IP address does not belong to a preset service server IP address corresponding to the received terminal domain name in a preset list, wherein in the preset list the terminal domain name of each terminal device is correspondingly provided with a plurality of accessible service server IP addresses under an access authority of the terminal device"; as required by Claim 1 of the '040 Patent.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff is estopped, based on statements, representations, and admissions made during prosecution of the patent application resulting in the asserted patent, from asserting any interpretation of any valid, enforceable claims of the Asserted Patents that would be broad enough to cover any accused product alleged to infringe the asserted patent, either literally or by application of the doctrine of equivalents.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims for damages are statutorily limited or barred by 35 U.S.C. §§ 286 and 287. Plaintiff is further barred under 35 U.S.C. § 288 from recovering costs associated with its action.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff is precluded from recovering its reasonable attorney's fees, costs, and or increased damages under 35 U.S.C. §§ 284 or 285.

### TWELFTH AFFIRMATIVE DEFENSE

Should CodePen be found to infringe any valid, enforceable claim of the Asserted Patents, such infringement was not willful.

### CODEPEN'S COUNTERCLAIMS

For its counterclaims against Plaintiff Orbit Licensing LLC ("Orbit"), Counterclaim Plaintiff CodePen Enterprises, Inc. ("CodePen"), alleges as follows:

## PARTIES

1. Counterclaim Plaintiff CodePen is an entity organized and existing under the laws of Delaware. CodePen has a place of business at 919 NW Bond St, Suite 203, Bend, OR 97702.

2. Upon information and belief based solely on Paragraph 1 of the Complaint as pled by Plaintiff, Counterclaim Defendant Orbit Licensing LLC is a corporation organized and existing under the laws of Texas that maintains its principal place of business at 15922 Eldorado Pkwy, Suite 500-1679, Frisco, TX 75035.

## JURISDICTION

3. CodePen incorporates by reference Paragraphs 1–2 above.

4. These counterclaims arise under the patent laws of the United States, Title 35, United States Code. The jurisdiction of this Court is proper under at least 35 U.S.C. § 271 *et seq.*, and 28 U.S.C. §§ 1331, 1338, 1367, and 2201–02.

5. Orbit has consented to the personal jurisdiction of this Court at least by commencing its action for patent infringement in this District, as set forth in its Complaint.

6. Based solely on Orbit' filing of this action, venue is proper for purposes of these counterclaims in this District pursuant at least 28 U.S.C. §§ 1391 and 1400.

## COUNT I

## DECLARATION REGARDING NON-INFRINGEMENT OF THE ASSERTED PATENTS

7. CodePen incorporates by reference Paragraphs 1–6 above.

8. Based on Orbit's filing of this action and at least CodePen's first affirmative defense, an actual controversy has arisen and now exists between the parties as to whether CodePen infringes U.S. Patent Nos. 8,839,195 (the "'195 Patent") and 9,578,040 (the "'040 Patent").

9. CodePen does not infringe at least Claim 1 of the '195 Patent because, *inter alia*,

the accused system does not "query[] a server about available object in a current script usage scenario, as well as attribute and method of the available object," "generat[e] a script editing interface according to the queried available object in the current script usage scenario and the attribute and method of the available object, and displaying a script content input by an inputting device in the script editing interface," "acquir[e] confirmation identifier of the edited script content, and checking whether or not the script content before the confirmation identifier is an indication object capable of automatically indicating; if so, acquiring, from the attribute and method of the available object, an attribute and method related to the indication object, and displaying the acquired attribute and method related to the indication object on a prompt box formed in the script editing interface for selection; and," "add[] the attribute and method of the indication object selected from the prompt box after the indication object."

10. CodePen does not infringe at least Claim 1 of the '040 Patent because, *inter alia*, the accused system does not "receiv[e] a service request packet sent by a terminal device, wherein the service request packet carries a terminal domain name indicating the terminal device and a server domain name indicating a service server required by the service request packet sent by the terminal device;" "resolv[e] the received server domain name to obtain a service server Internet protocol (IP) address;" and "discard[] the service request packet if the resolved service server IP address does not belong to a preset service server IP address corresponding to the received terminal domain name in a preset list, wherein in the preset list the terminal domain name of each terminal device is correspondingly provided with a plurality of accessible service server IP addresses under an access authority of the terminal device."

11. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, CodePen requests a declaration by the Court that CodePen has not infringed and does not infringe any claim of the Asserted Patents under any theory (including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement).

## COUNT II

## DECLARATION REGARDING INVALIDITY

12. CodePen incorporates by reference Paragraphs 1–11 above.

13. Based on Orbit' filing of this action and at least CodePen's Second Affirmative Defense, an actual controversy has arisen and now exists between the parties as to the validity of the claims of the Asserted Patents.

14. The asserted claims of the '195 Patent is anticipated and/or rendered obvious by, *inter alia*, U.S. Patent No. 8,918,713.

15. The asserted claims of the '040 Patent is anticipated and/or rendered obvious by, *inter alia*, U.S. Patent No. 9,967,240.

16. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, CodePen requests a declaration by the Court that the claims of the Asserted Patents are invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

## PRAYER FOR RELIEF

WHEREFORE, CodePen asks this Court to enter judgment in CodePen's favor and against Orbit by granting the following relief:

a) a declaration that the Asserted Patents are invalid;

b) a declaration that CodePen does not infringe, under any theory, any valid claim of the Asserted Patents that may be enforceable;

c) a declaration that Orbit take nothing by its Complaint;

d) judgment against Orbit and in favor of CodePen;

e) dismissal of the Complaint with prejudice;

f) a finding that this case is an exceptional case under 35 U.S.C. § 285 and an award to CodePen of its costs and attorneys' fees incurred in this action; and

g)   further relief as the Court may deem just and proper.

## JURY DEMAND

CodePen hereby demands trial by jury on all issues.

Dated: August 2, 2021

FISH & RICHARDSON P.C.

By: */s/ Robert M. Oakes*
    Jeremy D. Anderson (#4515)
    Robert M. Oakes (#5217)
    222 Delaware Ave., 17th Floor
    Wilmington, DE 19801
    (302) 652-5070 (Telephone)
    (302) 652-0607 (Facsimile)
    janderson@fr.com
    oakes@fr.com

    Neil J. McNabnay
    Ricardo J. Bonilla
    Noel Chakkalakal
    FISH & RICHARDSON P.C.
    1717 Main Street, Suite 5000
    Dallas, Texas 75201
    (214) 747-5070 (Telephone)
    (214) 747-2091 (Facsimile)
    mcnabnay@fr.com
    rbonilla@fr.com
    Chakkalakal@fr.com

**COUNSEL FOR DEFENDANT CODEPEN, INC.**